HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED FINANCIAL CASUALTY
COMPANY, a foreign insurer,,

                       Plaintiff,

    v.

CHRISTENSEN, INC. GENERAL
CONTRACTOR, a Washington
Corporation; et al.,

                     Defendant.

CASE NO. 3:19-cv-05658-RBL

ORDER ON DEFENDANT'S MOTION
FOR RECONSIDERATION

THIS MATTER is before the Court on Defendant Christensen, Inc. General Contractor's Motion for Reconsideration [Dkt. # 48] of the Court's July 21, 2020 Order Granting Plaintiff United Financial Casualty Company's Motion for Summary Judgment [Dkt. # 47].

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

1    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

2    finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

3    877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly

4    unusual circumstances, unless the district court is presented with newly discovered evidence,

5    committed clear error, or if there is an intervening change in the controlling law." *Marlyn*

6    *Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither

7    the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for

8    reconsideration, is intended to provide litigants with a second bite at the apple. A motion for

9    reconsideration should not be used to ask a court to rethink what the court had already thought

10   through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.

11   Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration,

12   and reconsideration may not be based on evidence and legal arguments that could have been

13   presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.

14   Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to

15   the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima*

16   *Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

17   Christensen does not meet this high standard. First, Christensen argues that the Court

18   erred by inferring that Nicholson & Associates did not make binding representations that the

19   policy with UFCC covered Clark (Christensen's employee) while pulling the trailer using any

20   vehicle. The Court is unpersuaded. Christensen attempts to insert ambiguity into an email

21   conversation with Nicholson about whether to suspend the UFCC policy in light of Clark's

22   inability to drive the covered truck, but Christensen's interpretation of that conversation is

23   simply not reasonable.

24

ORDER ON DEFENDANT'S MOTION FOR
RECONSIDERATION - 2

1    After Nicholson suggested suspending the entire UFCC policy, Christensen employee

2    Monica Urie stated in a March 15, 2016 email, "We don't want to suspend coverage for the

3    truck, just the ability of Johnny [Clark] to drive it, as HE can't." Dkt. # 39, Ex. B. Nicholson

4    employee Tiffany Karpavicius replied, "So you want me to put it back onto the Western National

5    policy and keep J. Clark excluded as a driver?" *Id*. Urie then responded, "Okay, we will keep the

6    Progressive policy for now, and address Johnny's situation (or the resolution of it) again in two

7    weeks and see where he stands." *Id*. Christensen never suggested that the UFCC policy covered

8    Clark while driving any vehicle at all and Nicholson never represented this in the email exchange

9    or elsewhere. *See T-Mobile USA, Inc. v. Selective Ins. Co. of Am.*, 194 Wn.2d 413, 427-28

10   (2019).

11   Second, Christensen contends that the Court erroneously granted relief broader than what

12   UFCC requested because its Motion for Summary Judgment asked the Court to rule that there

13   was "no coverage" under the UFCC policy, not that there was no duty to defend. Dkt. # 31 at 3.

14   But UFCC's Motion was for summary judgment, not partial summary judgment, and UFCC's

15   Complaint sought "a judicial determination that it does not owe any defense or indemnity

16   coverage obligations . . . ." Dkt. # 1 at 1. UFCC's proposed order also clarified that it sought a

17   declaration "that UFCC does not owe any defense or indemnity coverage obligations," Dkt. # 31-

18   1, and UFCC's Motion requested a declaration that "UFCC does not owe any coverage

19   *obligations*," again implying both the obligation to defend and indemnify. Dkt. # 31 at 20. The

20   Court properly held that the claims are not covered under the policy and that UFCC therefore has

21   no defense or indemnification obligations going forward. *See Am. Best Food, Inc. v. Alea*

22   *London, Ltd.*, 168 Wash. 2d 398, 405 (2010) (The insurer "must defend until it is clear that the

23

24

ORDER ON DEFENDANT'S MOTION FOR
RECONSIDERATION - 3

1   claim is not covered."); *Nat'l Sur. Corp. v. Immunex Corp.*, 162 Wash. App. 762, 775 (2013)

2   (duty to defend extends until it is judicially declared not to exist).[1]

3       Christensen also asserts new arguments about UFCC's bad faith conduct while

4   undertaking its defense in the underlying lawsuit. According to Christensen, UFCC has put its

5   own financial interests before Christensen's. This was not the subject of the Court's prior Order

6   or the briefing, which simply addressed the coverage dispute. It is thus an inappropriate basis for

7   reconsideration.

8       For these reasons, Christensen's Motion for Reconsideration is DENIED.

9       IT IS SO ORDERED.

10       Dated this 5th day of August, 2020.

11

12                                   Ronald B. Leighton

13                                   Ronald B. Leighton
                                United States District Judge

14

15

16

17

18

19

20

21

22   _____

[1] The Order also pointed out that UFCC's duty to defend did arise when the underlying lawsuit

23   was filed because the claims were potentially covered by the policy. Dkt. # 47 at 5. However, because UFCC defended under a reservation of rights, this does not mean that UFCC's duty to

24   defend extends beyond a determination of non-coverage.

ORDER ON DEFENDANT'S MOTION FOR
RECONSIDERATION - 4